JEFFREY H. WOOD
ACTING ASSISTANT ATTORNEY GENERAL, ENRD
SHENNIE PATEL, DISTRICT OF COLUMBIA BAR NO. 462600
TRIAL ATTORNEY, ENVIRONMENTAL CRIMES SECTION
MATTHEW D. EVANS, NEW YORK STATE BAR NO. 5461066
TRIAL ATTORNEY, ENVIRONMENTAL CRIMES SECTION

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. Idaho 1:18-po-270-REB |
| vs. | |
| DAVID WAYNE SPARKS, | |
| Defendant. | |

PLEA AGREEMENT

**Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant and the Government[1] agree that the defendant will plead guilty to Count One of the Information, which charges the defendant with Placing and Directing the Placement of Bait on an Area for the Purpose of Taking Migratory Game Bird by Aid of Baiting, in violation of the Migratory Bird Treaty Act (MBTA), 16 U.S.C. §§ 704(b)(2) and 707(a), and 50 C.F.R. §§ 20.11 and 20.21(i).

This plea is voluntary and did not result from force, threats, or promises, other than any made in this plea agreement.

---

[1] The word "Government" in this agreement refers to the Department of Justice, Environment and Natural Resources Division.

**PLEA AGREEMENT** - 1

**Oath.** The defendant will be placed under oath at the plea hearing. The Government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

## WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The defendant understands that by pleading guilty, the defendant waives the following rights: (1) the right to plead not guilty to the offense charged against the defendant and to persist in that plea; (2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the Government to prove the defendant's guilt beyond a reasonable doubt; (3) the right to have the jury agree unanimously that the defendant was guilty of the offense; (4) the right, at trial, to confront and cross-examine adverse witnesses; (5) the right to present evidence and to compel the attendance of witnesses; and (6) the right not to testify or present evidence without having that held against the defendant. If the District Court accepts the defendant's guilty plea, there will be no trial.

## WAIVER OF CONSTITUTIONAL RIGHT TO COUNSEL

The defendant has chosen to represent himself in this criminal case. The defendant knowingly, intelligently, and voluntarily waives the defendant's right to counsel.

The parties agree the Government has informed the defendant of the defendant's constitutional right to counsel, has encouraged the defendant to seek counsel, and has provided the defendant with information to seek appointed counsel through the Federal Public Defender Services of Idaho. The parties agree the Government did not coerce, compel, or otherwise influence the defendant into waiving the defendant's right to counsel.

The defendant understands the nature of the charge against him, the maximum penalties for a conviction of the charge, and that the Court may impose the maximum penalties in his case.

**PLEA AGREEMENT** - 2

The defendant understands that the U.S. Constitution provides the right to be represented by a lawyer at all critical stages of this criminal case. The defendant understands these critical stages include proceedings before trial, the trial itself, and proceedings to determine what sentence should be imposed if the defendant is found guilty. The defendant understands that the defendant has a constitutional right to counsel to aid him in deciding on whether to plead guilty to the charged offense, and to represent him at a plea hearing, whereat the defendant will plead guilty to the charged offense. The defendant understands that by pleading guilty, the defendant will be found guilty of the charged offense.

The defendant understands that if the defendant is unable to obtain the services of a lawyer without incurring substantial hardship to the defendant or the defendant's family, counsel will be furnished for the defendant free of charge.

The defendant understands that the services of a lawyer can be of great value in determining whether the charge against the defendant is sufficient as a matter of law, whether the procedures used in investigating the charge and obtaining evidence against the defendant – including any statements the defendant may have made – were lawful, whether an act the defendant may have committed actually amounts to the offense of which the defendant is charged, whether the defendant has any other valid defense to the charges, and, if the defendant is found guilty, whether the defendant should be placed on community control, be required to pay a fine, or be sentenced to a term of imprisonment. The defendant understands that if the defendant is found guilty of the offense charged, the Court may sentence the defendant to a term of imprisonment even though the defendant has given up the defendant's right to a lawyer.

**PLEA AGREEMENT - 3**

The defendant understands that the Court will hold the defendant to the same rules of evidence and procedure that a lawyer must follow. The defendant understands the defendant's lack of knowledge of these rules will not prevent the Court from enforcing them.

The defendant understands that if the defendant pleads guilty and is convicted, the defendant will have limited rights to appeal the defendant's case. The defendant understands that provisions in this plea agreement waive certain issues on appeal. The defendant understands that the defendant's lack of knowledge of legal procedure or evidentiary rules may result in waiving review of certain issues on appeal.

## NATURE OF THE CHARGES

**Elements of the Crime.** The elements of the crime of Placing and Directing the Placement of Bait on an Area for the Purpose of Taking Migratory Game Bird by Aid of Baiting in violation of 16 U.S.C. §§ 704(b)(2), as charged in Count One, are as follows:

1. The defendant placed or directed the placement of bait;
2. On or adjacent to an area;
3. For the purpose of causing, inducing, or allowing any person to take or attempt to take;
4. Any migratory game bird;
5. By the aid of baiting;
6. On or over the baited area.

**Factual Basis.** If this matter were to proceed to trial, the Government and the defendant agree that the following facts would be proven beyond a reasonable doubt:

1. Beginning in or about October 2012 and continuing through in or about January 2014 during the mallard-hunting season, the defendant baited an area on and adjacent to a pond

located on his property north of Nyssa, Oregon, which is in the District of Oregon, for the purpose of causing, inducing, and allowing the defendant and other hunters to take and attempt to take migratory game birds – specifically mallard ducks (*Anas platyrhynchos*) – by aid of baiting on and over the baited pond.

2. During the period of in or about October 2012 through in or about January 2013, the defendant purchased at least 16.17 tons of corn for a price of at least $4,505.84, which the defendant placed, or directed others to place, on and around the pond located on the defendant's property.

3. During the period of in or about September 2013 though in or about January 2014, the defendant purchased at least 25.88 tons of corn for a price of at least $5,467.89, which the defendant placed, or directed others to place, on and around the pond located on the defendant's property.

4. On January 17, 2014, the U.S. Fish and Wildlife Service Special Agents and other law enforcement made contact with four individuals, including the defendant, at the pond located on the defendant's property.

5. That afternoon the defendant hunted mallard ducks with others and killed mallards with a Benelli Super Black Eagle 12 gauge shotgun, serial number U102691.

6. The four hunters, including the defendant, killed fifty-five ducks, twice the legal bag limit for four hunters.

7. Large piles of corn bait were plainly evident at the area where the defendant was hunting.

8. Defendant admitted he placed the bait at the pond prior to the hunt and knew that the pond remained baited on January 17, 2014.

TRANSFER

The parties agree to seek transfer of this prosecution from the District of Oregon, where the Information is pending, to the District of Idaho, pursuant to Rule 20 of the Federal Rules of Criminal Procedure, subject to approval by the United States Attorneys for the District of Oregon and the District of Idaho.

PUNISHMENT

**Penalties.** A violation of the MBTA, 16 U.S.C. § 704(b)(2), as charged in Count One, is a Class A misdemeanor, 18 U.S.C. § 3559(a)(6), punishable by a term of imprisonment of up to 1 year, 16 U.S.C. § 707(c), followed by a period of supervised release of up to 1 year, 18 U.S.C. § 3583(b)(3), or a term of probation of up to 5 years, 18 U.S.C. § 3561(c)(2), along with a fine of $100,000, 18 U.S.C. § 3571(b)(5), and a special assessment of $25, 18 U.S.C. § 3013(a)(1)(A)(iii).

**Supervised Release.** The Court may impose a period of supervised release. No agreement exists as to the length of supervised release, however, the Government has agreed to recommend a probationary sentence.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime to which the defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and/or prosecution.

**Fines and Costs.** The Court may impose a fine of up to $100,000. The Government and defendant agree to recommend a fine in the amount of $5,500. The Court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

**Special Assessment.** The defendant will pay the $25 special assessment before sentencing and will furnish a receipt at sentencing. Payment will be made to the United States

District Court, Clerk's Office, Federal Building, and United States Courthouse, 550 West Fort Street, Fourth Floor, Boise, Idaho 83724.

**Forfeiture.** The defendant understands that the Court will, upon acceptance of the defendant's guilty plea, enter a forfeiture order as part of the defendant's sentence, and that the forfeiture order may include assets directly traceable to the offense, assets used in the commission of the offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense. The defendant agrees to immediately pay to the United States the amount of $1,500 as a substitute asset in lieu of forfeiting the Benelli shotgun used in the offense. The defendant also agrees to forfeit any interest he may have in any of the fifty-five illegally taken ducks.

The defendant agrees that the forfeiture provisions of this plea agreement will survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. The United States District Court for the District of Idaho shall retain jurisdiction to settle any disputes arising from application of the foregoing forfeiture provisions.

**Applicability of the Sentencing Guidelines.** The Court must consider the United States Sentencing Guidelines (U.S.S.G.) in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the Court may consider "relevant conduct" in determining a sentence pursuant to U.S.S.G. §1B1.3.

**PLEA AGREEMENT - 7**

The Court is not a party to the plea agreement. The plea agreement does not bind the Court's determination of the Sentencing Guidelines range. The Court will identify the factors that will determine the sentencing range under the Sentencing Guidelines. While the Court may take the defendant's cooperation, if any, and the recommendations of the parties into account, the Court has complete discretion to impose any lawful sentencing, including the maximum sentence possible.

Recognizing the Court is not bound by this agreement, the parties agree to the recommendation and requests set forth below.

**Sentencing Guidelines Recommendations and Requests.** In accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties agree the following provisions of the Sentencing Guidelines apply:

1. Wildlife offenses, including violations of 16 U.S.C. § 704(b)(2), are governed by U.S.S.G. §2Q2.1.
2. Pursuant to U.S.S.G. §2Q2.1(a), the base offense level is 6.
3. Pursuant to U.S.S.G. §2Q2.1(b)(3)(A)(i), the offense of conviction involved the taking of wildlife of a value exceeding $2,500 but did not exceed $6,500, and thus a 1-level increase is applicable.

**Acceptance of Responsibility.** If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under U.S.S.G. §3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under §3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under §3E1.1(a); (2) the offense level is 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of

guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the criteria set out in U.S.S.G. §3E1.1, or acts in a manner inconsistent with the acceptance of responsibility, the Government will withdraw or not make such a recommendation.

**Downward Departure or Variance Request by Defendant.** Unless otherwise specified in this paragraph, the defendant will not seek a downward departure or variance under 18 U.S.C § 3553(a).

## COOPERATION

**Truthful Information and Assistance.** The defendant promises to provide truthful and complete information to the Government and its investigative agencies, including testimony in legal and administrative proceedings, concerning the defendant's role and the roles of all others involved in offense-related behavior and other criminal activity. The defendant shall not attempt to protect anyone through false information or omission. The defendant will not falsely implicate anyone. Any intentional deviation from the truth in any of the defendant's testimony may result in prosecution for perjury and obstruction of justice. The defendant's duty under the terms of this agreement is to tell the truth whether or not it bolsters the Government's case against any particular individual. The defendant specifically understand that this agreement is <u>not</u> contingent upon the conviction of any person or the forfeiture of any property.

The defendant agrees to cooperate in good faith. This means the defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to subjects discussed. In other words, the defendant may not omit facts about crimes, participants, or defendant's involvement, and then claim to not have breached the agreement because the defendant was not specifically asked. This agreement is breached by any

action or statement inconsistent with continued cooperation. Determination of a breach is solely within the discretion and determination of the attorney for the Government. The defendant acknowledges that any breach of this cooperation agreement will absolve the Government of any obligation for consideration based upon cooperation, and will constitute grounds for the Government to withdraw from this agreement. The defendant further acknowledges that the Government's decision not to grant consideration for cooperation based on a determined breach will not constitute grounds for the defendant to withdraw from this agreement.

The defendant agrees to be available for interviews to prepare for testimony. If necessary, the defendant will submit, upon request, to government-administered polygraph examinations. The defendant will provide a personal financial statement, if requested.

The defendant agrees to identify all property related to the defendant's crimes to which the defendant has pleaded guilty, and any relevant conduct. The defendant will identify the extent of any person's or entity's (including defendant's) interest in any such property. The defendant agrees to assist in the recovery and forfeiture of such property to the United States.

**Use of Information Against Defendant.** In exchange for the defendant's agreement, the Government will not use new information the defendant provides (pursuant to this agreement) about the defendant's own criminal conduct. The Government may not reveal such information to the Court. There shall be no restrictions, however, on the uses of information: (1) previously known to law enforcement agencies; (2) revealed to law enforcement agencies by, or discoverable through, an independent source; or (3) in the event there is a breach of this agreement.

**Substantial Assistance Determination.** If the Government determines, in good faith, that the defendant's cooperation amounts to "substantial assistance" in the investigation of

**PLEA AGREEMENT - 10**

others, the Government will request that the Court depart downward from the applicable sentencing range, pursuant to U.S.S.G. §5K1.1 and/or any mandatory minimum sentence, pursuant to 18 U.S.C § 3553(e).  Pursuant to *United States v. Auld*, 321 F.3d 861 (9th Cir. 2002) and *United States v. Jackson*, 577 F.3d 1032 (9th Cir. 2009), the defendant understands that any motion for downward departure must be made as a reduction from the applicable guideline range or the statutory minimum sentence, whichever is greater, consistent with U.S.S.G. §5G1.1. This will be the base offense level regardless of whether the Government also makes a motion for a sentence below the statutory minimum sentence pursuant to 18 U.S.C. § 3553(e). The defendant further understands that if the base level is based on a statutory minimum sentence, no other reductions in the offense level will be allowed, including acceptance of responsibility, other that the reduction for substantial assistance. If the Government determines the defendant has not provided substantial assistance, the Government will not move for a downward departure.

The Government's final decision whether to file motions pursuant to §5K1.1 and/or 18 U.S.C. § 3553(e) will be made after evaluating the defendant's cooperation with regards to: (1) the significance and usefulness of the defendant's cooperation; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any injury suffered, or any danger or risk of injury to the defendant or the defendant's family resulting from the defendant's cooperation; and (5) the timeliness of the defendant's cooperation. The Government's specific recommendation will turn on the facts of the case, the sentence that likely would have been imposed absent and agreement, and the extent and value of the cooperation provided. The Government's decision not to file such a motion will not constitute grounds for the defendant to withdraw from this agreement.

**PLEA AGREEMENT - 11**

**Defendant's Assumption of Risk.**  The defendant agrees freely and voluntarily to cooperate with the Government, knowing the possible consequences of cooperation. The defendant hereby absolves the Government, including its employees, from any liability associated with this cooperation.

WAIVER OF APPEAL AND 28 U.S.C. § 2255 RIGHTS

In exchange for this agreement, and except as provided below, the defendant waives any right to appeal or to collaterally attack the entry of plea, the conviction, entry of judgment, and sentence.

The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging this plea, conviction or sentence in this case. Further, if the defendant violates this waiver it will be a breach of this agreement and the Government may withdraw from this plea agreement and take other remedial action.

If the defendant believes the Government has not fulfilled its obligations under this agreement, the defendant will object at the time of sentencing; further objections are waived.

The defendant shall retain the right to file one direct appeal only if one of the following unusual circumstances occur, the defendant understands that these circumstances occur rarely and that in most cases this agreement constitutes a complete waiver of all appellate rights: (1) the sentence imposed by the District Court exceeds the statutory maximum; (2) the District Court arrived at an advisory Sentencing Guidelines range by applying an upward departure under Chapter 5K of the Guidelines; or (3) the District Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory Sentencing Guidelines range as determined by the District Court.

**PLEA AGREEMENT** - 12

If represented by counsel for this plea agreement, the defendant may file one habeas petition (motion under 28 U.S.C. § 2255) for ineffective assistance of counsel only if the motion is based solely on information not known to the defendant at the time the District Court imposed sentence; and, in the exercise of reasonable diligence, the information could not have been known by the defendant at that time.

## PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the U.S. Probation Office for use in preparing a presentence report. Failure to execute releases and provide information for the presentence report violates this agreement and relieves the government of its obligation in this agreement. Such failure and response by the Government will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests. Providing materially false information will subject the defendant to additional penalties, including an enhancement under U.S.S.G. §3C1.1.

## NO RIGHT TO WITHDRAW PLEA

The defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this plea agreement or the guilty plea, regardless of the Court's actions.

## CONSEQUENCES OF VIOLATING AGREEMENT

**Government's Options.** If the defendant fails to keep any promise in this agreement or commits a new crime, the Government is relieved of any obligation to make a sentencing recommendation consistent with the terms promised in this agreement, or any obligation not to prosecute the defendant on other charges, including charges not pursued due to this plea agreement. Such charges may be brought without prior notice. In addition, if the Government

determines after sentence is imposed that the defendant's breach of the agreement warrants further prosecution, the Government may choose between letting the conviction under this agreement stand or vacating such conviction so that such charge may be re-prosecuted. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from the plea agreement in its entirety.

The Government's election to pursue any of the above options cannot be a basis for the defendant to withdraw the guilty plea made pursuant to this agreement.

**Defendant's Waiver of Rights.** If the defendant fails to keep any promise made in this agreement, the defendant gives up the right not to be placed twice in jeopardy for the offense to which the defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the defendant's failure to keep this agreement, the defendant gives up any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner and the right to be charged within the applicable statute of limitations period if the statute of limitations expired after the defendant entered into this agreement.

## MISCELLANEOUS

**No Other Terms.** This agreement is the complete understanding between the parties, and no other promises have been made by the Government to the defendant. This agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than the Department of Justice, Environment and Natural Resources Division. The Government will bring

the defendant's cooperation and pleas to the attention of other prosecuting authorities at the defendant's or defendant's counsel's request.

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. This agreement constitutes a formal plea offer from the Government. Any oral discussions with the defendant about a plea do not constitute a plea offer. Any written offer or agreement made prior to this agreement is no longer a valid offer by the Government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

JEFFREY H. WOOD
ACTING ASSISTANT ATTORNEY GENERAL, ENRD

By:

_____        8·23·2018
Shennie Patel, USDOJ-ENRD              Date

_____        8·23·2018
Matthew D. Evans, USDOJ-ENRD           Date

## ACCEPTANCE BY DEFENDANT

I have read and carefully reviewed every part of this plea agreement. I understand the agreement and its effect upon my potential sentence. Furthermore, I have reviewed all of my rights, and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, concerning the plea to be entered in this case. I understand that this agreement constitutes a formal plea offer from the Government. Any oral discussions by me with the Government about a plea do not constitute a plea offer. Any

**PLEA AGREEMENT - 15**

written offer or agreement made prior to this agreement is no longer a valid offer by the Government and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including enter a guilty plea or proceed without the assistance of counsel.

*David Wayne Sparks*             8/13/18
David Wayne Sparks                 Date
Defendant

I fully understand my right to retain counsel and acknowledge the Government's repeated advice to retain counsel. Notwithstanding this advice, I wish to proceed with entering into this plea agreement with the Government without the representation of counsel. My signature below acknowledges my waiver of the representation of counsel and that I have read and understood the rights that I will be waiving (*see pages 2 through 4*) by entering into this plea agreement.

*David Wayne Sparks*             8/13/18
David Wayne Sparks, Defendant      Date Signed
27801 Pearl Road
Parma, ID 83660

PLEA AGREEMENT - 16